AMARILLO NATIONAL BANK V. DEL W. HARRINGTON, RECEIVER.

Decided June 11, 1910.

**1.—Pledges—Sale—Notice.**

Notice of the time and place of sale of pledged property must be given both to the public and to the pledgor, unless these requirements are in some way waived, which may be done.

**2.—Same—Contract Construed.**

A debtor bank conveyed to a creditor bank promissory notes of various persons as collateral security, and at the same time executed a contract whereby, in case of default in the payment of its indebtedness at maturity, it invested the creditor bank with full power and authority to transfer, hypothecate, sell and convey said notes or any part thereof, "at public or private sale with or without notice to any of us, at such place and on such terms as to it may seem best, and to deliver the property sold," etc. Upon default in the payment of its indebtedness by the debtor bank, the creditor bank attempted to sell the collateral notes at public outcry but gave no public notice of the time, terms or place of sale. Held, in a suit by the debtor bank against the purchaser of the notes at said sale for the value of the same, the failure of the creditor bank to give due notice of the attempted public sale rendered the sale voidable, and the fact that the contract concerning the collaterals authorized a private sale of the notes did not do away with the necessity of giving due notice of the public sale.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Cooper & Stanford,* for appellant.—There having been a substantial compliance by the Mechanics' American National Bank in the sale of these collaterals, with every requirement of the collateral contract under which they were held, the sale was valid and the purchaser took good title. Jeanes's App., 2 Am. St. Rep., 624; McDowell v. Chicago Steel Works, 7 Am. St. Rep., 381; Dullnig v. Weekes, 40 S. W., 178; Loomis v. Stave, 72 Ill., 623; Union Trust Co. v. Rigdon, 93 Ill., 458; Cushman v. Hayes, 46 Ill., 145; Milliken v. Dehon, 27 N. Y., 364; Robinson v. Hurley, 11 Iowa, 410; Genet v. Howland, 45 Barb., 560; Murdock v. Ins. Co., 59 Miss., 152; Mowry v. Wood, 12 Wis., 413; Jones on Pledges, sec. 611; Story on Bailments, sec. 311; 22 Am. & Eng. Ency. of Law (2nd ed.), p. 889.

*Lumpkin, Merrill & Lumpkin,* for appellee.—The contract of pledge, under which the sale in question was made, was sufficient to authorize a bona fide sale of the collaterals pledged at either public or private sale upon default by the pledgor; but the pledgee having elected to sell at public sale, it became its duty as trustee for the pledgor to conduct such sale in accordance with the rules of law governing sales at public auction, including publicity, proper description and information as to the property to be sold, and due and proper notice to the public of the time, place and terms of the sale. Uncle Sam's Loan Office v. Emery, 107 S. W., 1155; Hart v. Tyrrell, 82 S. W., 1074; Luckett v. Townsend, 3 Texas, 119; King v. Sullivan & Co., 92 S. W., 51; Foote v. Utah Commercial

& Savings Bank, 17 Utah, 283, 54 Pac., 104; Laclede National Bank v. Richardson, 156 Mo., 270, 56 S. W., 1117, 79 Am. St. Rep., 528; Hagan v. Continental National Bank, 182 Mo., 319, 81 S. W., 171; Griggs v. Day, 32 Am. St. Rep., 730 (notes); Tennent v. Union Central Life Insurance Co., 112 S. W., 754; Jacoby v. Jacoby, 103 Fed., 473.

One who, with knowledge of the pledge, purchases collateral notes at a sale thereof made by the pledgee in violation of the rights of the pledgor, takes only such title and rights as was possessed by the pledgee; and, upon collecting the notes from their makers, may be required by the pledgor to account for the sum so collected, less the amount paid by him for the notes and interest. Lucketts v. Townsend, 3 Texas, 131; Jones v. Thurmond, 5 Texas, 324; First National Bank v. Mings, 32 S. W., 178; Richardson v. Holmes, 59 U. S., 143, 15 L. Ed., 304, 31 Cyc., p. 883; McCutcheon v. Dittman, 58 N. E., 97; Handy v. Sibley, 17 N. E., 329; Morris v. East Side Ry. Co., 95 Fed., 13; Morton v. Baxter, 4 L. R. A., 305; Boswell v. Thigpen, 22 So., 823.

SPEER, ASSOCIATE JUSTICE.—The Bank of Channing being indebted to the Mechanics American National Bank of St. Louis executed its note for the amount, and at the same time conveyed to the Mechanics American National Bank notes of various parties, amounting to some twelve thousand dollars, as collateral security, the collateral contract providing, among other things, as follows: "Now, in the event of non-payment of said note when due, or neglect or refusal to comply with and carry out any of the agreements herein contained, the said Mechanics American National Bank of St. Louis is hereby invested with full power and authority to issue, transfer, hypothecate, sell and convey the said property or any part thereof, at public or private sale, with or without notice to any of us, at such place and on such terms as it may seem best, and to deliver the property sold," etc. The Bank of Channing did make default, and the St. Louis bank sold the collateral papers to the Amarillo National Bank, and Del W. Harrington, receiver of the Bank of Channing, brought this suit against the Amarillo National Bank to recover the difference between the face value of the collateral notes and the amount paid for them by the Amarillo National Bank. From a judgment in the plaintiff's favor defendant has appealed.

The trial court found as a matter of fact that on the 6th day of February, 1908, after default on the part of the Bank of Channing, the Mechanics American National Bank of St. Louis attempted to make a sale of the collateral notes in its possession under the terms of said collateral contract at public auction; that such sale was conducted by the vice-president of the St. Louis bank and was not made at a public place, but was conducted by such officer in one of the rooms in the banking house of the Mechanics American National Bank in the city of St. Louis, Missouri; that no announcement was made at the time said sale was attempted by which persons present could be informed as to the nature or value of the collaterals to be sold, or for whom or upon what account

they were being offered for sale; and that no notice of such intended sale had been given to the public, either by posting notices, or by publication, or in any other way, by which the public could be notified that said sale would take place and persons interested in such matters be invited to attend. The trial court also found that at some date prior to this sale, the appellant bank had authorized the vice-president of the St. Louis bank to bid at such sale the amount for which the collateral notes were sold to it, and that at the time it had full knowledge of the rights and equities of the Bank of Channing in the collateral notes offered for sale.

These findings of fact are not questioned, but appellant does complain of the conclusions of law made by the trial court "that the attempted sale of the collateral notes on the 6th day of February, 1908, was not conducted in accordance with the terms of the collateral contract under which the same was held, and is voidable at the suit of the Bank of Channing or its said receiver." The insistence is that the facts show at least a substantial compliance with the contract of the parties, and that, since it was agreed the property might be sold at public or private sale, with or without notice to the pledgor, at such place and on such terms as might seem best, the conclusion of law stated above was erroneous.

We need hardly cite authorities for the proposition that notice of the time and place of the sale of pledged property is required to be given not only to the public, but to the pledgor as well unless these requirements are in some way waived. That they may be waived is also elementary. The contract under consideration expressly waives notice to the pledgor; it can not, therefore, be held to imply a waiver of the public notice. But the appellant insists this implication results from the authority of the pledgee to sell the property at private sale. This is not necessarily true. Where the pledge contract authorizes a sale of the pledged property at either public or private sale, and the sale is a private one, necessarily there need be no public notice, for such notice is inconsistent with the character of sale; but in such a case we understand the agreement of the parties to be that the pledgee on default of the pledgor may dispose of the pledged property in either of the designated ways; that is, he may sell at private sale, or at public sale; but in the event he elects to sell by the latter method, he must give the necessary notice, for this is an incident of every public sale and must be held to have been within the contemplation of the parties when they agreed to a public sale of the property. Foote v. Utah Commercial & Savings Bank (Utah), 54 Pac., 104. A very excellent reason may be given for holding that the agreement for the pledgee to sell at private sale does not waive the requirement of notice if the sale is a public one, in this, that the pledgee has a right at private sale to reject any offer, if in his judgment the same is not a fair one; whereas, at public auction he would not have such right, and the absence of such notice might result in the sacrifice of the securities.

Appellant also complains that the court erred in denying its plea of reconvention for the amount of the F. E. Neely note, which was one of

the collateral notes pledged to the St. Louis bank and which was subsequently returned to the Bank of Channing and collected by it. But the trial court found that this note was not included in the sale by the St. Louis bank to appellant, and this finding is not attacked. We are not at liberty to inquire into the state of the evidence to ascertain if the appellant - really purchased the Neely note and is entitled to its proceeds.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.